Bernard L. ALPERT, Regional Director of the First Region of the National Labor Relations Board, Petitioner,

v.

LOCAL NO. 4, HOISTING AND PORTABLE ENGINEERS UNION, AFL-CIO, and Robert Delaney, Its Agent, Respondents.

Civ. A. No. 63-1026-C.

United States District Court
D. Massachusetts.

Dec. 13, 1963.

Allen R. DeLong, National Labor Relations Board, Washington, D. C., for plaintiff.

Arthur J. Flamm, Boston, Mass., for defendant.

CAFFREY, District Judge.

This matter was heard upon a verified petition, filed pursuant to 29 U.S.C.A. § 160(l), for a temporary injunction, pending final disposition of the matters involved herein pending before the National Labor Relations Board, and upon respondents' answer to the petition.

1. Petitioner is Regional Director of the First Region of the Board, an agency of the United States, and has filed this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(l) of the Act.

3. On or about December 4, 1963, Perini Corporation (herein called Perini), pursuant to provisions of the Act, filed charges with the Board alleging that Local No. 4, Hoisting and Portable Engineers Union, AFL-CIO (herein called Local 4), a labor organization, and its agent Robert Delaney, have engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraphs (B) and (D), of the Act. Copies of said charges, marked Exhibits 1 and 2, were attached to the petition filed herein.

On or about December 10, 1963, Perini, pursuant to the provisions of the Act, filed an amended charge to a charge originally filed with the Board on or about December 9, 1963, the amended charge alleging that Local 4 and its agent Robert Delaney have engaged in and are engaging in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraphs (A) and (B) of the Act. Copy of the amended charge was also attached to the petition filed herein, marked Exhibit 3.

4. The charges and the amended charge were referred to petitioner as Regional Director of the First Region of the Board.

5. Upon the basis of the following I find that the petitioner has reasonable cause to believe that said charges and amended charge are true, insofar as they allege that respondents have violated Section 8(b) (4) (i) and (ii), subparagraphs (B) and (D) of the Act, and that a complaint of the Board based on said charges and amended charge should issue against respondents pursuant to Section 10(b) of the Act. More particularly, petitioner has reasonable cause to believe, and be-

lieves, that respondent Local 4 is a labor organization within the meaning of Sections 2(5), 8(b) and 10(*l*) of the Act; that respondent Robert Delaney is an agent of respondent Local 4 within the meaning of Sections 2(13), 8(b) and 10(*l*) of the Act, and that said respondents have engaged in and are engaging in acts and conduct in violation of Section 8(b) (4) (i) and (ii), subparagraphs (B) and (D) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, as follows:

a. Respondent Local 4, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

b. At all times material herein respondent Robert Delaney has been business agent of respondent Local 4.

c. Local 4 maintains its principal office at Boston, Massachusetts, and at all times material herein both respondents have been engaged within this judicial district in transacting business and in promoting and protecting the interests of the employee members of Local 4.

d. Perini is engaged at Boston, Massachusetts, as a general contractor in the building construction industry. In the operation of its business Perini annually receives goods and materials from outside the State of Massachusetts valued at in excess of $50,000.

e. At all times material herein Perini has been engaged as a joint venturer with Walsh Construction Company of New York, New York, in the construction of a $55,000,000 building in Boston for the Prudential Insurance Company, which building is known as the Prudential Tower Building.

f. Perini has subcontracted certain portions of the work on the Prudential Tower Building to various subcontractors, including Reynolds Metals Co., Westinghouse Electric Corporation, Naga Electric of New England, Inc.,

Columbia Cornice Co., Brandt Corp., Carley-Venzie Corp., Peter Bratti Associates, American Bridge Company, Owen J. McGarraghan Co., Sexauer & Lemke, Inc., Trio Industries, Automatic Sprinkler Corp., Smith Fireproofing Corp., Belanger & Sons, Waterproofing Co. and Kerby Saunders, Inc.

g. Perini has subcontracted the heating and plumbing work at the aforesaid construction site to Kerby Saunders, Inc. (herein called Kerby), of Boston, Massachusetts. In the course of its business Kerby annually receives goods and materials from outside the State of Massachusetts valued at in excess of $50,000.

h. At all times material herein Kerby assigned the operation of the temporary steam heating system at the Prudential Tower Building construction site, referred to in subparagraph e. above, to its own employees who are members of or represented by another labor organization, namely Local 537, Pipefitters and Apprentices of Boston (herein called Local 537), and who are not members of or represented by respondent Local 4.

i. At no time material herein has respondent Local 4 been certified by the Board as the collective bargaining representative of any of the employees of Perini or Kerby engaged in construction work at the Prudential Tower Building construction site, and at no time material herein has the Board issued an order directing Perini or Kerby to bargain with Local 4 as the representative of said employees.

j. At times material herein, Local 4 has refused to furnish workmen upon request by Perini and various Perini subcontractors engaged at the aforesaid construction site.

k. At times material herein, respondents Local 4 and Robert Delaney have demanded that Perini cease doing business with Kerby.

*l*. At times material herein, respondents have demanded that Perini and/or Kerby assign the work of operating the steam heating system set forth in subparagraph h. above to employees who are

members of or represented by Local 4, rather than to employees who are members of or represented by Local 537, and who are not members of or represented by respondent Local 4. Both Perini and Kerby have refused to accede to said demand.

m. In furtherance of the aforesaid demands on Perini and Kerby, set forth in subparagraphs k. and l. above, respondents since on or about November 8, 1963, have threatened to picket the Prudential Tower Building construction site, and on December 4 and 5, 1963 picketed said construction site.

n. By the acts and conduct set forth in subparagraphs j. and m. above, respondents have engaged in, and have induced and encouraged individuals employed by Perini, and its subcontractors set forth in subparagraph f. above, or in industries affecting commerce, to engage in, strikes or refusals in the course of their employment to use, process, transport, or otherwise handle or work on materials, or to perform services, and have threatened, coerced and restrained Perini and its subcontractors set forth in subparagraph f. above, and other persons engaged in commerce or in industries affecting commerce.

o. An object of the acts and conduct of respondents set forth in subparagraphs j., m., and n. above, was and is to force or require Perini to enter into an agreement whereby Perini would cease doing business with Kerby or other persons.

p. An object of the acts and conduct of respondents set forth in subparagraphs m. and n. above, was and is to force or require Perini and/or Kerby to assign the work of operating the temporary steam heating system at the Prudential Tower Building construction site to employees who are members of or represented by Local 4, rather than to employees who are not members of or represented by Local 4.

q. The acts and conduct of respondents set forth in subparagraphs j., k., l., m., n., o. and p. above, occurring in connection with the operations of Perini, have a close, intimate and substantial relation to trade, traffic and commerce among the several States, and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

6. It may fairly be anticipated that unless enjoined respondents will continue and repeat the acts and conduct set forth in paragraph 5 j., k., l., m., o. and p. above, of similar or like acts and conduct.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent Local No. 4, Hoisting and Portable Engineers Union, AFL-CIO, is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act.

(b) Respondent Robert Delaney is an agent of Local No. 4, Hoisting and Portable Engineers, AFL-CIO, within the meaning of Sections 2(13), 8(b) and 10(l) of the Act.

(c) Perini Corporation is engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(d) Respondents have engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraphs (B) and (D) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

(e) Because of the public interest and the interest of the parties in a speedy resolution of this matter, I have not at this time considered whether or not on the evidence and the applicable law petitioner has established whether or not the Director has reasonable cause to believe that respondents have violated Sec-

tion 8(b) (4) (i) and (ii), subparagraph (A) of the Act.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, respondents, their officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, be enjoined and restrained from the commission, continuation, or repetition, of the acts and conduct set forth in paragraph 5 j., k., l., m., o. and p. above, acts or conduct in furtherance or support thereof, or like or related acts or conduct the commission of which in the future is likely or may fairly be anticipated from respondents' acts and conduct in the past.